Scileppi, J. (dissenting in part).
In People v. Jerome C. we concur only in result.
In People v. Michael A. C. we dissent and vote to reverse.
Prior to the commencement of any youthful offender proceeding, section 913-g (subd. 3) of the Code of Criminal Procedure requires obtaining the defendant’s consent to be tried without a jury. Thus, the option is open to the defendant to proceed as an adult and to be tried by a jury, or to waive his right to a jury trial by consenting to the adjudication in Youth Part so that he may obtain what he and his counsel have determined is the better of two worlds. The choice is his and his alone. We deal not with a denial of a right, but with the operation of an additional and beneficial alternative. Nothing decided in Duncan v. Louisiana (391 U. S. 145) requires New York to strike down a statute which provides an enlightened and beneficial alternative to criminal prosecution. Louisiana gave Duncan, accused of simple battery, no alternative. For that offense which was punishable by a maximum of two years ’ imprisonment and $300 fine, Duncan could not get a jury trial under Louisiana law. That case and the present problem under New York’s youthful offender statute are manifestly different.
The defendant herein does not seek to be tried as an adult where concededly he is entitled to a jury trial, but rather insists upon retaining the benefits of the youthful offender statute without complying with the mandatory provisions thereof. It is, therefore, our opinion that when a defendant, with the advice of counsel, expressly consents to youthful offender treatment, he may not thereafter attack the very proceeding which he has initiated on a ground which he has already expressly waived. In other words, the statute may not be so emasculated at the will of the defendant once he has freely chosen to embrace it.
Tn People v. Michael A. C. (Anonymous): Judges Burke, Breitel and Gibson concur with Chief Judge Fuld; Judge Scileppi dissents and votes to reverse in a separate opinion in which Judges Bergan and Jasen concur.
Order affirmed.
*90 In People v. Jerome C. (Anonymous): Judges Burke, Breitel and Gibson concur with Chief Judge Fuld; Judges Scileppi, Bergan and Jasen concur in result only.
Order reversed and judgment of Nassau County Court reinstated.